IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS DEFOSSETT,    PLAINTIFF, | § § § | |
| VS. | § § | CIVIL ACTION NO. 5:19-CV-00699-DAE |
| KIYA III, INC. D/B/A DAIRY QUEEN,    DEFENDANT. | § § § | |

DEFENDANT KIYA 111, INC.'S
ORIGINAL MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(4)-(5), (2)

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

NOW COMES Kiya 111, Inc., by its undersigned counsel, and files this *Defendant Kiya 111, Inc.'s Original Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5), (2)* and shows unto the Honorable Court as follows:

**I.
FED. R. CIV. P. 12(b)(4)-(5)
INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

1.1. FED. R. CIV. P. 12(b)(4)-(5) requires the defenses of "insufficient process" and "insufficient service of process" to be in a motion prior to pleading; however, Rule 12(b) also expressly affirms that "[n]o, defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion."

1.2. Accordingly, the "clear language of R.12(b) requires that the defense of insufficiency of process or insufficiency of service of process be made before or concurrently with the responsive pleading, either by motion or within the responsive pleading." *Jackson v. United States*, 138 F.R.D. 83, 86 (S.D. Tex. 1991).

1.3. Defendant Kiya 111, Inc. asserts the defense of insufficiency of process under FED. R. CIV. P. 12(b)(4).

    a. The summons served upon Defendant Kiya 111, Inc. can be found at Docket Entry No. 2. For ease of reference, here is a screen clip of the summons actually served, with notations of calendar dates thereon:

> Case 5:19-cv-00699   Document 2   Filed 06/14/19   Page 1 of 2
>
> AO 440 (Rev. 06/12) Summons in a Civil Action
>
> # UNITED STATES DISTRICT COURT
> for the
> Western District of Texas
>
> *[handwritten: 9/03/19 Filed]*
>
> Nicholas DeFossett
>
> Plaintiff(s)
>
> v.    Civil Action No. 5:19-cv-699
>
> MIYA III, Inc., d/b/a Dairy Queen
>
> *[handwritten: PPS 9-24-19]*
>
> Defendant(s)
>
> ## SUMMONS IN A CIVIL ACTION
>
> To: *(Defendant's name and address)*
> MIYA III, Inc., d/b/a Dairy Queen
> c/o Shahla Afshar
> 14 Marella Drive
> San Antonio, Texas 78248
>
> A lawsuit has been filed against you.
>
> Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
> Dennis R. Kurz
> Kurz Law Group, LLC
> 1640 Powers Ferry Road, SE
> Building 17, Suite 200
> Marietta, GA 30067
>
> If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.
>
> CLERK OF COURT
>
> Date:
>
> Signature of Clerk or Deputy Clerk

2

      b.     Said summons failed to name the parties as required by FED. R. CIV. P. 4(a)(1)(A), to wit: it named the defendant in the style and as the party to whom the summons was directed as *Miya III, Inc.*; however, the actual defendant party named in the style of the lawsuit and Complaint at Docket Entry No. 1 is Kiya III, Inc.

      c.     Said served summons was not signed by the Clerk and did not bear the Court's seal as required by FED. R. CIV. P. 4(a)(1)(F)-(G).[1]

1.4.    Defendant Kiya 111, Inc. was not served with process within the time limit for service delineated at FED. R. CIV. P. 4(m). Under the express language of the Rule—if Plaintiff fails to serve Defendant within 90 days after the filing of a complaint, the Court must dismiss the action without prejudice or specify a new time frame in which to serve Defendant. Such action either is done *sua sponte* or because of a motion; however, Plaintiff is afforded an opportunity to present good cause for his failure to serve timely.

      a.     The Complaint was filed on June 14, 2019.[2]

      b.     Private process service (PPS) occurred on September 24, 2019.[3]

      c.     Under FED. R. CIV. P. 4(m), service should have occurred not later than September 12, 2019.

---

[1] For clarity, it should be noted that Defendant was served with what seems to be Docket Entry No. 2 and <u>NOT</u> Docket Entry No. 3.

[2] Docket Entry No. 1.

[3] *See* the written annotations on the Screen Clip *supra*.

        d.      Accordingly, service of process was accomplished insufficiently because it was 12 days late.

1.5.    Regarding insufficient process and insufficient service of process, the convergence of multiple procedural defects, combined with the proclivity of Plaintiff's counsel to represent ADA "testers" in the Western District, cause sufficient confusion so as to prejudice Defendant.

        a.      There is not a single document on file with the Court that correctly names the Defendant actually served herein.[4]

        b.      There is internal inconsistency in naming a defendant in the Complaint at Docket Entry No. 1 with a defendant's name in the Summons at Docket Entry No. 2. Specifically, the named defendant in each of those two documents are different and do not even match each other.

        c.      A cursory review of the docket reports and underlying complaints in PACER show that Plaintiff's counsel has at least 22 cases in which he has represented ADA "testers" within the Western District over the last 1.5 years. Many of those complaints use boilerplate language. So, it is possible for said counsel to confuse cases in error.

---

[4] This is briefed *infra*.

        d.        Ironically, Plaintiff is suing over alleged technical violations of complicated rules and regulations emanating from the ADA while, at the same time, Plaintiff violates the less technical rules in the Federal Rules of Civil Procedure as briefed herein.

        e.        Defendant does not want inadvertently to assume liability or a defense for an unrelated company or based upon a distinct fact pattern separate from that which actually is applicable, if any, to Defendant. Without a clear adherence to sufficient process and sufficient service of process—combined with a correct naming of Defendant—Defendant is prejudiced by incurring (even inadvertently) possible unknown costs and liability for entities unrelated to Defendant. These may include something other than monetary costs, such as the possible interplay of inadvertently making representations for unrelated entities or unwittingly accepting representations that could be imputed from entities other than Defendant.

1.6.    FED. R. CIV. P. 4(m) places the burden of establishing good cause for an extension of time to serve a defendant upon the Plaintiff. *Gartin v. Par Pharm. Companies, Inc.*, 289 F.App'x 688, 692 (5th Cir. 2008). In this case, Plaintiff has neither requested an extension nor shown good cause as to his delay in service.

1.7. Accordingly, for the reasons pled and briefed above, Defendant asserts defenses as to insufficient process and insufficient service of process. Defendant further moves for dismissal without prejudice based on those defenses or, in the alternative, moves for an appropriate order directing Plaintiff's steps to cure defects, if warranted.

## II.
## FED. R. CIV. P. 12(b)(2) DEFENSE AGAINST PERSONAL JURISDICTION

2.1. The style of the case and the Complaint by Plaintiff list the entity being sued as *Kiya III, Inc.*; however, Defendant is not Kiya III, Inc.

2.2. Instead, the answering Defendant who was served with insufficient process and insufficient service of process is "Kiya 111, Inc." and NOT Kiya III, Inc. In other words, to identify properly the Defendant answering herein, the numbers in Defendant's name should be three Arabic numerals shown as "1" and NOT three Roman numerals shown as "I".

2.3. There is a difference between misnomer and misidentification.

    a. Misnomer is when a party is misnamed in the lawsuit but has been served and is involved in the lawsuit. *Dalton v. State Farm Lloyd's, Inc.*, 4 F.Supp.3d 859, 864 (S.D. Tex. 2014).

    b. Misidentification occurs when "two separate legal entities actually exist and a plaintiff mistakenly sues the entity with a name similar to that of the correct entity." *Id.* at 865.

2.4. Generally, the Court cannot claim jurisdiction over a party who has been brought into suit through misidentification; however, the Court has jurisdiction over a party victimized by misnomer so long as no one was misled or placed at a disadvantage because of the error. *See id.*

2.5. In this case, Defendant is disadvantaged for the reasons identified in Paragraph 1.5 *supra*.

2.6. Accordingly, for the reasons pled and briefed above, Defendant asserts the defense of lack of personal jurisdiction and moves for dismissal without prejudice on that defense or, in the alternative, moves for an appropriate order directing Plaintiff's steps to cure defects, if warranted.

## PRAYER

WHEREFORE, Plaintiff prays as follows:

1. That the Plaintiff's Complaint should be dismissed without prejudice.

2. In the alternative only, if same be necessary, that the Court issue appropriate orders directing Plaintiff's steps to cure defects as pled herein, only if appropriate to the law and facts.

3. Award Defendant reasonable and necessary attorneys' fees and costs as allowed under statute and/or common law.

4. Award Defendant such other and further relief, at law or in equity, general or special, to which Defendant may be justly entitled.

Respectfully submitted,

DENNIS J. DROUILLARD
State Bar No. 00793641
LAW OFFICE OF DENNIS DROUILLARD
Riverview Towers
111 Soledad, Suite 339
San Antonio, Texas 78205
Telephone:  (210) 299-7680
Facsimile:  (210) 299-7780
E-mail:  DennisDrouillard@aol.com

By: _____
    Dennis J. Drouillard
    State Bar No. 00793641

ATTORNEY FOR DEFENDANT
KIYA 111, INC.

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing document has this day been served to the person and by the method indicated:

Mr. Dennis R. Kurz
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, Georgia 30067
**Via E-mail to dennis@kurzlawgroup.com**

Signed on this 15th day of October 2019.

*Dennis J. Drouillard*
_____
DENNIS J. DROUILLARD
Attorney for Defendant
Kiya 111, Inc.