IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

NICHOLAS DEFOSSETT,                              §
                                                 §
             *Plaintiff*,                        §            5-19-CV-00699-DAE
                                                 §
vs.                                              §
                                                 §
KIYA III, INC.,                                  §
                                                 §
             *Defendant*.                        §

## ORDER

Before the Court is the status of the above-referenced case, which was referred for the purpose of holding a status conference pursuant to the General Order Regarding Cases Filed Pursuant to the Americans With Disabilities Act in Judge Ezra's Court. *See* Dkt. No. 4.

**IT IS ORDERED** that this case is set for an Initial Pre-Trial Conference, pursuant to Federal Rule of Civil Procedure 16, on **November 13, 2019 at 1:30 p.m.** in Courtroom A on the 4th Floor of the John H. Wood, Jr. United States Courthouse, 655 E. Cesar Chavez Boulevard, San Antonio, Texas, 78206. ***All attorneys of record are required to make a personal appearance at the hearing. The parties should be prepared to discuss entry of a Scheduling Order, case management, and related issues***.

On or before **November 4, 2019**, the parties shall confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions:

1. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or Petition, should any unserved parties be dismissed?

2. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

3. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

1

4. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

5. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

6. What, if any, discovery disputes exist or are anticipated?

7. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

8. Have the parties discussed mediation? Is this a case that could be mediated early and effectively with limited discovery? If so, what discovery is essential to any early mediation and how could it be structured to streamline an early mediation?

**IT IS FURTHER ORDERED** that, if not already provided, the parties shall submit a proposed scheduling order pursuant to Local Rule CV-16(c), no later than **November 4, 2019**. The Court will address the parties' joint report and discovery plan at the Initial Pretrial Conference. The Court will also discuss with the parties any proposed changes to the Court's standard scheduling order based on the circumstances of this case. The proposed scheduling order shall conform to the attached template.

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Farrer/Court%20Facts%20Sheet%20for%20U.S.%20Magistrate%20Judge%20Farrer.pdf. All counsel (and parties, if they are appearing pro se) are expected to review these fact sheets before filing any matters or appearing in a case assigned to Judge Ezra and referred to me.

**IT IS SO ORDERED**.

SIGNED this 17th day of October, 2019.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS DEFOSSETT, | § | |
| | § | |
| *Plaintiff*, | § | 5-19-CV-00699-DAE |
| | § | |
| vs. | § | |
| | § | |
| KIYA III, INC., | § | |
| | § | |
| *Defendant*. | § | |

## SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case.

1. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed by _____ (the standard period being 90 days after the first defendant's appearance).

2. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____ (the standard period being 90 days after the first defendant's appearance), and each opposing party shall respond, in writing by _____ (the standard period being 104 days after the first defendant's appearance).

3. The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____ (the standard period being 120 days after the first defendant's appearance).

4. All parties asserting claims for relief shall file their designation of, proposed witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _____ (the standard period being 90 days before the discovery deadline). Parties resisting claims for relief shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all parties, but not file, the materials required by Fed. R. Civ. P.26(a)(2)(B) by _____ (the standard period being 45 days before the close of discovery). All designations of rebuttal experts shall be filed within 15 days of receipt of the report of the opposing expert.

5. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within _____ (the standard period being 30 days) days of receipt of the written report of the expert's proposed

testimony, or within _____ (the standard period being 30 days) days of the expert's deposition, if a deposition is taken, whichever is later.

6.      The parties shall complete discovery on or before _____ (the standard period being six months after the first defendant's appearance).  Counsel may by agreement continue discovery beyond the deadline, *but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.*

7.      All dispositive motions shall be filed no later than _____ (the standard period being 30 days after the discovery deadline).  Dispositive motions as defined in Local Rule CV-7(c) and responses to dispositive motions shall be limited to twenty (20) pages in length.  Replies, if any, shall be limited to ten (10) pages in length in accordance with Local Rule CV-7(e).  **If the parties elect not to file dispositive motions, they must contact the courtroom deputy on or before this deadline in order to set a trial date.**

8.      The Court will set the case for trial by separate order.  The order will establish trial type deadlines to include pretrial matters pursuant to Local Rule CV-16(e)-(g).

9.  All of the parties who have appeared in the action conferred concerning the contents of the proposed scheduling order on _____, and the parties have *(agreed/disagreed)* as to its contents. The following positions and reasons are given by the parties for the disagreement as to the contents of the proposed scheduling order_____. Plaintiff offers the following explanation of why all parties have not been served_____.

_____
(Signature)

_____
(Print of type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE